OPINION
{¶ 1} Defendant-appellant, Michael R. Larson, appeals his sentence by the Clermont County Court of Common Pleas for violating his community control sanction.
 {¶ 2} Appellant pled guilty and was convicted of felony domestic violence in 2002. During his plea hearing, the trial court informed appellant that "probation" was likely and if he violated the terms of probation, the trial court could impose a "more serious penalty of up to twelve months in prison."
 {¶ 3} At the original sentencing hearing, the trial court informed appellant that he was being placed on "probation." The only mention of a prison term during the sentencing hearing occurred when the trial court told appellant that visiting his probation officer might be inconvenient, "but it's probably less inconvenient than going to prison."
 {¶ 4} Appellant's sentencing entry stated that appellant was sentenced to community control and that "violation of any of this sentence shall lead to more restrictive sanctions, longer control sanctions, or a prison term of up to twelve (12) months."
 {¶ 5} Appellant was brought back before the trial court for a violation of the terms of his community control sanction and his community control was revoked. The trial court sentenced appellant to 11 months in prison. Appellant appeals this sentence, presenting the following assignment of error:
 {¶ 6} "The trial court erred in sentencing appellant to prison for violating his community control sanctions[.]"
 {¶ 7} Appellant argues that the trial court was unable to impose a prison sentence for his community control violation when it failed to inform him at the initial sentencing hearing that a prison sentence could be imposed.
 {¶ 8} R.C. 2929.19, titled "Sentencing Hearing," states, in part, that if the sentencing court determines at the sentencing hearing to impose a community control sanction, the sentencing court "shall notify the offender" that if a violation of the terms of community control occurs, the court may impose a longer time under the same sanction, or may impose a more restrictive sanction, or may impose a prison term and shall indicate thespecific prison term that may be imposed as a sanction for theviolation, as selected by the court from the range of prison terms for the offense pursuant to R.C. 2929.14. R.C.2929.19(B)(5) (emphasis added).
 {¶ 9} Further, R.C. 2929.15(B) states that if the conditions of a community control sanction are violated and the sentencing court chooses to impose a prison term, that term "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing."
 {¶ 10} The statutory scheme is clear that notice of the possible prison sentence for a community control violation must be given at the sentencing hearing. Courts must give effect to the words of a statute. State v. Teamer, 82 Ohio St.3d 490,491, 1998-Ohio-193. "Simply stated, an unambiguous statute means what it says." Id.
 {¶ 11} By analogy, this finding is also made within the context of the Ohio Supreme Court's 2003 decision in State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. In Comer, the Ohio Supreme Court stated that pertinent subdivisions of the sentencing statues R.C. 2929.19 and R.C. 2929.14 required findings on the record at the sentencing hearing before imposing consecutive or nonminimum sentences.
 {¶ 12} Therefore, we agree with the finding of the Fourth Appellate district in State v. McPherson, when it held that R.C. 2929.19(B)(5) expressly calls for notice to be provided at sentencing and not at a plea hearing or in the sentencing entry. See State v. McPherson (2001), 142 Ohio App.3d 274, 281, fn.5. We agree with the statement by the McPherson court that courts are constrained to apply the law as written, not as we might have wished it had been written. Id. at 281.
 {¶ 13} Accordingly, we conclude that the trial court was precluded from imposing a prison sentence for violation of a community control sanction when it failed to indicate the possible prison sentence at the sentencing hearing. See State v.Moon, Butler App. No. CA2002-07-165, 2003-Ohio-5001.
 {¶ 14} Appellant further argues under his assignment of error that the trial court erred in informing him of the maximum sentence possible for a community control violation, rather than a specific prison term. Based upon our holding above, this issue is rendered moot.
 {¶ 15} Appellant's assignment of error is sustained as it pertains to the trial court's failure to inform appellant of a possible prison term at the sentencing hearing.
 {¶ 16} Judgment is reversed and this cause is remanded to the trial court for resentencing on the community control violation.
Walsh, J., concurs.
Young, J., dissents.