OPINION
{¶ 1} Defendant-appellant, Thomas Honchell, Jr., appeals the decision of the Clermont County Court of Common Pleas, imposing a prison sentence on appellant for violating the terms of his community control sanction.
 {¶ 2} In April 2003, appellant pled guilty to, and was convicted of, two counts of nonsupport of dependents in violation of R.C. 2929.21(B), felonies of the fifth degree. During the plea hearing, the trial court informed appellant that each count carried a possible sentence of six to twelve months in a state prison. The trial court did not inform appellant that a prison sentence could be imposed if he violated the terms of a possible community control sanction.
 {¶ 3} At a subsequent sentencing hearing, the trial court informed appellant that he was being sentenced to five years of community control. The trial court informed appellant that if he failed to report to his probation officer, to make reasonable efforts to find employment, and to make child support payments, "you're going to leave me with little option other than just to lock you up." This statement was the only reference to a possible prison term made by the trial court at the sentencing hearing.
 {¶ 4} The entry sentencing appellant states that he is sentenced to community control sanctions and that "violation of any of this sentence shall lead to more restrictive sanctions, longer control sanctions, or a prison term of up to twelve (12)months on each count." (Emphasis sic.) Appellant did not sign the sentencing entry.
 {¶ 5} Appellant subsequently violated the terms of his community control by failing to report to his probation officer, failing to verify his employment, failing to make child support payments, and by his arrests for disorderly conduct and domestic violence. The trial court revoked appellant's community control sanction and sentenced him to 11 months in prison on each count and ordered that the sentences be served consecutively. He appeals, raising two assignments of error.
 Assignment of Error No. 1 {¶ 6} "The Trial Court erred in sentencing appellant to prison for violating his community control sanctions[.]"
 {¶ 7} In his first assignment of error, appellant argues that the trial court cannot sentence him to a prison term for his community control violations because it failed to inform him at the initial sentencing hearing that a prison sentence could be imposed.
 {¶ 8} R.C. 2929.19 states, in part, that if the sentencing court decides to impose a community control sanction, the sentencing court "shall notify the offender" that if a violation of the terms of community control occurs, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term and "shallindicate the specific prison term that may be imposed as asanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to R.C.2929.14[.]" R.C. 2929.19(B)(5) (emphasis added). Further, R.C.2929.15(B) states that if the conditions of a community control sanction are violated and the sentencing court chooses to impose a prison term, that term "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison termspecified in the notice provided to the offender at thesentencing hearing." (Emphasis added.)
 {¶ 9} This court has previously held that the statutory scheme "is clear that notice of the possible prison sentence for a community control violation must be given at the sentencing hearing." State v. Larson, Clermont App. No. CA2003-07-059, 2004-Ohio-700 at ¶ 10. This court has specifically held that the language of R.C. 2929.19(B)(5) "expressly calls for notice to be provided at sentencing, and not at a plea hearing or in the sentencing entry." Id. at ¶ 12, citing State v. McPherson
(2001), 142 Ohio App.3d 274, 281.
 {¶ 10} Consequently, where, as in the present case, the trial court fails to give a defendant notice of the specific prison term reserved at the original sentencing hearing, it cannot thereafter impose any prison term for a violation of community control. Id.; State v. Moon, Butler App. No. CA2002-07-165, 2003-0hio-5001, at ¶ 21, citing State v. Marvin (1999),134 Ohio App.3d 63, 69. In such an instance, a prison term is not an available option when sentencing a defendant for a violation of his community control sanction. However, pursuant to R.C.2929.15(B), the trial court retains authority to impose sanctions under R.C. 2929.16, 2929.17, and 2929.18, including residential sanctions (such as time in a halfway house), nonresidential sanctions (such as community service), and financial sanctions.
 {¶ 11} Accordingly, we conclude that the trial court's failure to inform appellant at the sentencing hearing of a specific prison sentence precluded it from imposing a prison sentence on appellant for violating the terms of his community control sanction. Accord Larson, Moon. The first assignment of error is sustained.
 Assignment of Error No. 2 {¶ 12} "The Trial Court erred when it sentenced appellant to serve consecutive sentences."
 {¶ 13} Appellant argues in his second assignment of error that the trial court erred when it sentenced him to serve consecutive sentences. Based upon our resolution of appellant's first assignment of error, we find that this issue is rendered moot.
 {¶ 14} Judgment is reversed and this cause is remanded to the trial court for resentencing on the community control violation.
Young, P.J., and Valen, J., concur.