DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas that re-imposed a previously suspended felony prison sentence on defendant-appellant, Todd Barnes, after the court determined that Barnes had violated the terms of this community control. Barnes now challenges that judgment through the following assignment of error:
 {¶ 2} "The trial court erred in imposing a prison term in excess of the shortest prison term for a felony of the third degree pursuant to Ohio Revised Code 2929.14." *Page 2 
 {¶ 3} On March 17, 2004, appellant was indicted and charged with one count of burglary in violation of R.C. 2911.12(A)(2), a second degree felony. On June 23, 2004, appellant withdrew his prior not guilty plea and entered a plea of guilty to an amended count of burglary in violation of R.C. 2911.12(A)(3), a third degree felony. The trial court accepted the plea and referred the matter to the adult probation department for a pre-sentence investigation and report. On September 22, 2004, the case proceeded to a sentencing hearing and the court imposed sentence. Although the transcript from that hearing has not been made a part of the record before this court, the judgment entry of sentence reveals that appellant was sentenced to three years of community control with a number of listed conditions. The court also reserved a term of four years in prison and stated that violation of any of the conditions of community control could lead to a longer or more restrictive sanction, up to and including imposition of a prison term of four years.
 {¶ 4} On March 8, 2005, the lower court continued appellant's community control after finding him in violation of the conditions of his community control, imposed additional conditions for the continuation of community control, and ordered that the four year prison term remain suspended. Thereafter, appellant again violated the conditions of his community control. As a result, on April 29, 2005, the state filed a motion to revoke community control. The case proceeded to a hearing on May 4, 2005, at which time appellant admitted to the community control violation. The court then revoked appellant's community control and re-imposed the earlier sentence of four years *Page 3 
imprisonment with credit for time already served. It is from that judgment that appellant appeals.
 {¶ 5} In his sole assignment of error, appellant asserts that the lower court erred when it originally imposed upon him a prison term in excess of the shortest term for a third degree felony and repeated its error when it re-imposed the four year term on appellant after finding him in violation of the terms of his community control.
 {¶ 6} R.C. 2929.19(B)(5) provides that a criminal defendant may be sentenced to community control sanctions if the trial court believes it is appropriate and if imposition of this sanction is not prohibited by law. R.C. 2929.19(B)(5) also requires that the following notice be given: "The court shall notify the offender that, if the conditions of the sanction are violated * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offenses pursuant to section 2929.14 of the Revised Code." Then, if the defendant violates the conditions of community control, R.C. 2929.15(B) provides that the sentencing court may impose a prison term on the offender as long as the defendant was previously given notice of the specific prison term that would be imposed for such violation at the original sentencing hearing and the term of imprisonment given for violating the community control sanction does not exceed the term for which he was given notice at the prior hearing. *Page 4 
 {¶ 7} Appellant was originally sentenced for burglary, a third degree felony offense. The prison range allowed for a third degree felony offense is one, two, three, four or five years. R.C. 2929.14(A)(3). Appellant asserts that because he was a first time felony offender, the trial court was required, under R.C. 2929.14(B), to impose the minimum sentence for a third degree felony, unless the court specified on the record that the shortest term would demean the seriousness of the conduct or would not adequately protect the public from future crime by the offender. R.C. 2929.14(B), however, was expressly found to be unconstitutional in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph one of the syllabus. As a result of Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.
 {¶ 8} Appellant has not provided this court with a transcript of the original sentencing hearing. It is well-established that: "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. The trial court's judgment entry of sentence of September 22, 2004, states that the court considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the *Page 5 
principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The court then sentenced appellant to three years of community control with a reserved term of four years in prison. After listing the conditions of appellant's community control, the court expressly stated that violation of those terms could lead to a longer or more restrictive sanction up to and including the imposition of a prison term of four years. Nothing in the sentencing entry indicates that the court looked to the R.C.2929.14(B) factors in sentencing appellant to a reserved prison term in excess of the minimum, and appellant has not provided us with a transcript that might indicate otherwise. Although appellant did provide us with a transcript of the community control revocation hearing of May 4, 2005, the court did not make any improper findings in deciding to revoke appellant's community control and re-impose the reserved prison term.
 {¶ 9} Accordingly, appellant was given notice of the specific prison term that could be imposed if he violated the terms of his community control and the term that the court ultimately imposed did not exceed the term of which he was given notice. Moreover, the term that the court imposed was within the range of prison terms allowable for third degree felonies. The trial court therefore did not err when it originally imposed upon appellant a prison term in excess of the shortest term for a third degree felony and did not err when it re-imposed the four year term on appellant after finding him in violation of the terms of his community control. The sole assignment of error is not well-taken. *Page 6 
 {¶ 10} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Mark L. Pietrykowski P.J. George M. Glasser, J. Concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1