[Cite as *State v. Salett*, 2019-Ohio-2637.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,             CASE NO.  8-18-62

    v.

JOSHUA E. SALETT,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 17 11 0406

**Judgment Affirmed**

**Date of Decision:   July 1, 2019**

APPEARANCES:

    *Samantha L. Berkhofer* **for Appellant**

    *Sarah J. Warren* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Joshua E. Salett ("Salett"), brings this appeal from the October 1, 2018, judgment of the Logan County Common Pleas Court revoking his community control after Salett refused to enter a community-based correctional facility ("CBCF") as ordered under the specific terms and conditions of his community control. On appeal, Salett argues that his failure to complete the program at the CBCF was a "technical" violation of his community control, which should not have allowed the imposition of his entire previously reserved prison term of twenty-four months.

*Relevant Facts and Procedural History*

{¶2} On November 9, 2017, a traffic stop was conducted in Bellefontaine, Ohio, of a vehicle in which Salett was backseat passenger. During the course of the traffic stop, officers learned that Salett had an outstanding warrant for his arrest. Salett was removed from the vehicle and arrested on the outstanding warrant. He was then searched incident to that arrest, and at that time Salett was found to be in possession of a rock-like substance consistent with crack-cocaine and nine Schedule II Adderall 30 mg pills.

{¶3} On April 10, 2018, Salett was indicted for Aggravated Possession of Drugs in violation of R.C. 2925.11(A), a felony of the fifth degree, and Possession

of Cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree. Salett originally pled not guilty to the charges.

**{¶4}** On June 21, 2018, Salett entered into a written, negotiated plea agreement wherein he agreed to plead guilty to the charges as indicted, and in exchange the State agreed to stand silent at sentencing. It was also agreed that the discretionary post-release control would not be imposed by the trial court. A change-of-plea hearing was then held, wherein Salett knowingly, voluntarily, and intelligently entered his guilty pleas and he was found guilty of the charges as indicted.

**{¶5}** On July 31, 2018, the matter proceeded to sentencing. At the sentencing hearing, the State remained silent as to any recommendation per the plea agreement; however, the pre-sentence investigation writer indicated that Salett was not amenable to community control because he committed the offenses in this case while on post-release control for a prior felony, and because he had a "high" Ohio Risk Assessment System ("ORAS") score.

**{¶6}** Salett made a statement on his own behalf, indicating that he had already been in jail for this crime awaiting trial and that he had also served time for violating his post-release control in his prior case out of Cleveland. He argued that a lengthy prison term would not assist in his rehabilitation. Therefore, he requested a prison term of six months or less. In addition, though Salett acknowledged that

he had the drugs on him at the time of the traffic stop, he denied that they were his, stating that the other people in the vehicle with him must have put them in his pocket in the vehicle while he was sleeping.

{¶7} The trial court analyzed the applicable sentencing factors and indicated that it was primarily concerned with Salett's rehabilitation, being that Salett was relatively young. The trial court thus disagreed with the pre-sentence investigation, stating that providing further rehabilitative opportunity for Salett would be the optimal outcome rather than prison. The trial court then placed Salett on community control for five years on each count, to run concurrent with each other. As part of Salett's community control, the trial court ordered Salett to the West Central CBCF to complete programming there.

{¶8} When the trial court stated that Salett would be sent to the CBCF, Salett indicated that he felt like he did not need to go to West Central. He asked the trial court if he would be punished if he withdrew from West Central, and the trial court stated, "when you're thinking about signing yourself out of West Central, I want you to understand that is my goal: To get you back in Cleveland with a job, starting a new life. If you sign yourself out, you're telling me that you can't do that. Do you understand – so you asked me, are you going to be punished? I'm telling you that's the message you're sending me." (July 31, 2018, Tr. at 32).

**{¶9}** The trial court indicated that failure to complete a residential program as ordered at West Central would be a violation of Salett's community control. (*Id.* at 30). The trial court further stated that the other remaining option other than the CBCF was prison, but the trial court wanted to focus on rehabilitation rather than punishment. Finally, Salett was notified that if he violated his community control, he would be subject to a twelve-month prison term on each charge, to be served consecutively, for an aggregate twenty-four month prison term.

**{¶10}** On August 8, 2018, Salett filed a "Motion for Furlough," requesting to be furloughed from his incarceration while space was being made for him to attend West Central. Salett argued that his entrance assessment was scheduled for the week of August 13 to August 17, that he now believed the court's sentencing decision was appropriate, and that West Central could be beneficial for him. He argued that if he was released on furlough, he would report for an assessment and to West Central as ordered. On August 14, 2018, Salett's motion for furlough was denied.

**{¶11}** It is undisputed that Salett then refused to enter the CBCF.

**{¶12}** On October 1, 2018, a visiting judge held a hearing that had originally been styled as "resentencing."[1] At the inception of the hearing, however, the trial

---

[1] On August 28, 2018, the record contains an assignment notice from the assignment commissioner stating that this matter was assigned for "resentencing" on September 18, 2018. The matter was continued to October 1, 2018.

court noted that the hearing was actually to determine if there was probable cause to find that Salett had violated his community control based on his refusal to attend West Central. Nevertheless, the trial court stated that a motion to revoke Salett's community control had not yet been filed by the State, thus the matter should be continued so that Salett could be apprised of the specific allegation in writing. The State indicated it could get a motion filed quickly, and Salett actually requested that the matter be resolved that day, as he had family attending the hearing from Cleveland present in the courtroom. Due to Salett's request, the trial court recessed so that the State could file the appropriate motion, and the matter proceeded later the same day to hear the State's newly filed motion to revoke Salett's community control.

{¶13} Salett ultimately admitted to failing to attend West Central, contending that he did not think the courses in the program were necessary for him because he had been through similar courses while previously incarcerated. He requested that the trial court continue his community control. Salett's attorney also attempted to argue that failure to attend West Central was a mere "technical" violation of community control, and that he should not receive a full prison term.

{¶14} The trial court found that the order for Salett to complete a term in West Central was pivotal in the original sentence as an aspect of rehabilitation. The trial court then determined that failure to attend the CBCF was more than a technical

violation, and found that it was appropriate to revoke Salett's community control at that time. Salett was sentenced to serve twelve months in prison on each count, consecutive to each other, for an aggregate twenty-four month prison term. A judgment entry memorializing his sentence was filed that same day. It is from this judgment that Salett appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**Did the Trial Court abuse its discretion in sentencing Salett for a community control violation without proof of "substantial nature" of the violation?**

{¶15} In Salett's assignment of error, he argues that the trial court erred by sentencing him to prison for a community control violation that he contends was only a "technical" violation.[2] Salett argues that under R.C. 2929.15(B)(1)(c)(i), if a community control violation is merely "technical," any prison term imposed by the trial court for the "technical" violation could not exceed "ninety days."

*Standard of Review*

{¶16} The decision of a trial court to revoke community control will not be disturbed absent an abuse of discretion. *State v. Berry*, 3d Dist. Defiance No. 4-12-04, 2012-Ohio-4660, ¶ 33, citing *State v. Ryan*, 3d Dist. Union No. 14-06-55, 2007-

---

[2] Salett's argument in his brief focuses on the issue of whether his violation was "technical." The statement of his assignment of error indicates that he was challenging whether there was proof of a "substantial nature," but Salett admitted to the violation. Thus the only real question before us is whether the violation he admitted to was technical in nature.

Ohio-4743, ¶ 7. An abuse of discretion indicates that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court.

*Analysis*

**{¶17}** On appeal, Salett argues that his community control violation for failing to attend and complete the program at the CBCF was merely a "technical" violation of community control, and thus his entire prison term could not be invoked based upon R.C. 2929(B)(1)(c)(i). ("If the prison term is imposed for any *technical* violation of the conditions of a community control sanction imposed for a felony of the fifth degree * * * the prison term shall not exceed ninety days.") (Emphasis added).

**{¶18}** Although "technical" violations of community control are not defined by the legislature, Ohio Appellate Courts have determined that a "technical" violation is "an administrative requirement facilitating community control supervision." *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 18; *State v. Nelson*, 2d Dist. Champaign No. 2018-CA-5, 2018-Ohio-4763. A non-technical violation is a violation of a "substantive rehabilitative requirement which addressed a significant factor contributing to appellant's criminal conduct." *State v. Davis* at ¶ 18.

{¶19} In this case, Salett was ordered to attend and complete West Central CBCF as a specific condition of his community control. This was meant to address any drug issues, and to help rehabilitate Salett. The trial court specifically stated as much to Salett at the sentencing hearing.

{¶20} Facially, failing to complete the CBCF program would be more than a technical violation as it was an integral part of the trial court's sentence, made to address Salett's issues and help rehabilitate him. Thus we would readily categorize it as more than a technical violation. In fact, many other Ohio Appellate Courts have determined that failure to complete a CBCF program as ordered under community control was more than a technical violation of community control. *See, e.g. State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672; *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219; *State v. Blake*, 4th Dist. Hocking No. 18CA6, 2018-Ohio-5413. Consistent with the other Ohio Appellate Courts, we find that the trial court did not abuse its discretion in this matter by finding that Salett's failure to complete a program at the CBCF as ordered was more than a technical violation.[3] Therefore, Salett's assignment of error is overruled.

---

[3] Any claim by Salett in his brief that his case is different from the prevailing caselaw is not well-taken. He bases his argument on the fact that in some of the other cases criminal defendants entered the program and then did not complete it, whereas here, Salett was never granted admission. The distinction makes no difference. Salett still failed to comply with a specific provision of his community control.

*Conclusion*

**{¶21}** For the foregoing reasons Salett's assignment of error is overruled and the judgment of the Logan County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/jlr**