[Cite as *State v. Casiano*, 2023-Ohio-3711.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,            :

                                          No. 112449

    v.                              :

JOSE LUGO-CASIANO,                      :

    Defendant-Appellee.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** October 12, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-670779-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Kristen Hatcher, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, Jonathan Sidney, Assistant Public Defendant, *for appellee.*

ANITA LASTER MAYS, A.J.:

{¶ 1} Plaintiff-appellant state of Ohio appeals the sentence imposed on defendant-appellant Jose Lugo-Casiano ("Lugo-Casiano") on the ground that the

sentence is contrary to law.  We vacate the sentences and remand for resentencing pursuant to this opinion.

## I.    Facts and Procedural History

{¶ 2}   On or about May 21, 2020, Lugo-Casiano eluded a traffic stop while operating a Suzuki ATV accompanied by a female passenger and other bikers.  The participants gathered to ride together in response to a public Instagram post.  Lugo-Casiano was not an organizer.

{¶ 3}   On June 6, 2022, Lugo-Casiano was indicted on six counts:

Count 1:  Failure to comply, a low tier felony of the third degree, in violation of R.C. 2921.331(B).

Count 2:  Inducing panic, a felony of the fourth degree, in violation of R.C. 2917.31(A)(3).

Count 3:  Inducing panic, a felony of the fifth degree, in violation of R.C. 2917.31(A)(3).

Count 4:  Aggravated riot, a felony of the fifth degree, in violation of R.C. 2917.02(A)(1).

Count 5:  Disrupting public services, a felony of the fourth degree, in violation of R.C. 2909.04(A)(2).

Count 6:  Obstructing official business, a felony of the fifth degree, in violation of R.C. 2921.31(A).

{¶ 4}   After discovery and pretrials, on December 13, 2022, Lugo-Casiano pleaded guilty to Counts 1 and 5 as indicted, and the remaining counts were nolled.

{¶ 5}   At sentencing, the state advised the court that

[t]he bikers involved in the activity almost struck a zone car.  A Cleveland police helicopter tracked the defendant's movements.  He drove on the RTA train tracks including crossing the Cuyahoga River on the train trestle from about West 65th and Madison until he was

detained by officers at West 38th and Freas by those RTA tracks. While driving on the RTA tracks the RTA services had to be suspended in that area for approximately 30 minutes.

(Sentencing Hearing tr. 14.)

{¶ 6} The state also informed the court that Lugo-Casiano had a previous failure to comply. The defense explained that Lugo-Casiano successfully completed community control in that case and the failure to comply violation in the prior case was not associated with conduct similar to that involved in the instant case. Defense counsel presented a mitigation video of Lugo-Casiano's family mitigation factors. Lugo-Casiano apologized to the court and advised he had forfeited his ATV and would not possess ATVs or bikes.

{¶ 7} Lugo-Casiano was sentenced to a six-month prison term on Count 5, disrupting public services.[1] On Count 1, failure to control, Lugo-Casiano received a 36-month suspended sentence and a Class Two driver's license suspension until February 13, 2026, with six points imposed against his license. The $10,000 fine on Count 1 and $2,500 fine on Count 5 were suspended. Court costs were waived.

{¶ 8} Prior to adjournment, the state inquired, "[w]ith the failure to comply, isn't that technically consecutive?" (Sentencing Hearing tr. 21.) The trial court responded, "If I were to impose prison terms in both it must be served consecutively but I'm suspending the prison sentence as to the failure to comply

---

[1] At the time of oral arguments in this case, Lugo-Casiano had completed the six-month prison term for Count 5.

count." (Sentencing Hearing tr. 21.) The state replied, "I just wanted to verify that. Thank you." (Sentencing Hearing tr. 21.)

{¶ 9} The state appeals.

## II. Assignment of Error

{¶ 10} The state presents a single assignment of error:

The trial court's imposition of a suspended prison sentence and an incorrect driver's license suspension term constitutes error.

## III. Discussion

### A. Standard of Review

{¶ 11} We first address Lugo-Casiano's contention that the state must demonstrate plain error for failure to object before the trial court. *State v. Tate*, 8th Dist. Cuyahoga Nos. 111141 and 111142, 2022-Ohio-4745, ¶ 20.

{¶ 12} The state's appeal is authorized by R.C. 2953.08(B)(2) which provides that the state may appeal as a matter of right a sentence that is contrary to law. *State v. Whittenburg*, 8th Dist. Cuyahoga No. 109700, 2022-Ohio-803, ¶ 5, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 13} "A sentence imposed contrary to law constitutes plain error and we may review it for plain error." *Id.* at ¶ 6, citing *State v. Walters*, 4th Dist. Adams No. 15CA1009, 2016-Ohio-5783, ¶ 2 ("[A]lthough appellant did not object to the imposition of the sentence at the sentencing hearing, the sentence imposed by the trial court was not authorized by law and contrary to law, and therefore constituted plain error."); and *State v. Ayers*, 10th Dist. Franklin No. 13AP-371, 2014-Ohio-276, ¶ 15 ("[W]here the trial court failed to make the requisite findings required by

R.C. 2929.14(C)(4) before imposing consecutive sentences, appellant's sentence was contrary to law and constituted plain error.").

{¶ 14} R.C. 2953.08(G)(2) governs this court's review of a felony sentence. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 27, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. The statute provides that an appellate court "may increase, reduce, or otherwise modify a sentence" "or may vacate the sentence and remand the matter * * * for resentencing" if it "clearly and convincingly finds" either of the following:

> "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; [or]
>
> (b) That the sentence is otherwise contrary to law."

*Jones* at ¶ 12, quoting R.C. 2953.08(G)(2)(a)-(b).

{¶ 15} The state also adds that Lugo-Casiano's sentence is voidable and a direct appeal is the sole means available to the state to correct the trial court's error. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 43.

## B. Analysis

### 1. Suspended Sentence

{¶ 16} It is axiomatic that a court may "impose sentences only as provided by statute." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 21-22. This tenet "'reflects a fundamental understanding of constitutional democracy' that the power to define criminal offenses and prescribe punishment is

vested in the legislative branch of government[.]" *Id.*, quoting *id.* *See also State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 18 ("[I]n Ohio, judges have no inherent power to create sentences, and the only sentence that a trial judge may impose is that provided for by statute.").

{¶ 17} "'[F]elony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require trial courts to impose either a prison term or community control sanctions on each count.'" *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, ¶ 23, 35 N.E.3d 512, quoting *State v. Berry*, 2012-Ohio-4660, 980 N.E.2d 1087, ¶ 21 (3d Dist.).  Under R.C. 2929.19(B), prison terms and community-control sanctions are mutually exclusive and cannot be imposed at the same time on the same count of conviction.  *Anderson*, 2015-Ohio-2089 at ¶ 23-31; *Berry*, 2012-Ohio-4660 at ¶ 21.  As a result, current felony sentencing statutes do not allow a sentencing court to suspend a prison term or make community control a condition of a suspended prison term.  *See id.*

{¶ 18} Further,

pursuant to R.C. 2929.19(B)[4] and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

*State v. Duncan*, 2016-Ohio-5559, 61 N.E.3d 61, ¶ 19 (12th Dist.), citing *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 29, 814 N.E.2d 837.

{¶ 19} Lugo-Casiano counters that a community-control sanction can be imposed concurrently to a prison term on a separate count, citing *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 1. Lugo-Casiano also adds that pursuant to R.C. 2925.15(A)(1), there is no minimum period of community control and the sanction may not exceed five years.

{¶ 20} As this court has recognized,

> the purpose of the community control statute is not to sentence a defendant to a specific prison term and then suspend or reserve that prison term. [*State v. Berry*, 2012-Ohio-4660, 980 N.E.2d 1087, ¶ 25 (3d Dist.)]. Rather, the purpose of the statute is to notify the defendant of a specific prison term that may be imposed if the defendant violates community control. *Brooks*, [103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837,] at ¶ 23 (R.C. 2929.19[(B)(4)] notification puts the defendant on notice of the specific prison term he [or she] faces if he [or she] violates community control); *Berry* at ¶ 25. In other words, when a defendant is sentenced to community control on a count of conviction and notified at that time of the specific prison term he faces should he violate his community control, the defendant is only sentenced to community control sanctions and is not sentenced to that prison term. *Id.*; *Brooks* at ¶ 21 (while R.C. 2929.19[(B)(4)] requires the judge to state the specific prison term the offender faces in the event of a community control violation, that term is not necessarily what the offender will receive if a violation occurs).

*State v. Lenhart*, 8th Dist. Cuyahoga No. 108938, 2020-Ohio-2727, ¶ 21, quoting *Duncan*, 2016-Ohio-5559, 61 N.E.3d 61, at ¶ 21.

{¶ 21} In this case, the trial court stated on the record and in the sentencing entry that a 36-month suspended sentence was imposed on the Count 1 failure to control. Thus, the sentence is contrary to law. We observe that the trial court indicated at the plea hearing that the trial court "may consider placing you on community control sanctions, also known as probation, for up to five years instead

of prison." (Plea Hearing tr. 26.) He was also informed that violation of community control could result in a more restrictive sentence, including prison. Lugo-Casiano responded that he understood.

{¶ 22} The suspended sentence is vacated and the case is remanded for resentencing.

## 2. License suspension

{¶ 23} The trial court imposed a Class 2 suspension under R.C. 2921.331(B) and 2921.331(E). This case was Lugo-Casiano's second failure to comply. The state argues that this sentence is also contrary to law.

{¶ 24} R.C. 2921.331 provides in pertinent part:

(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop. * * *

(5) (a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt: * * *

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property. * * *

(E) In addition to any other sanction imposed for a felony violation of division (B) of this section, the court shall impose a class two suspension from the range specified in division (A)(2) of section 4510.02 of the Revised Code. In addition to any other sanction imposed for a violation of division (A) of this section or a misdemeanor violation of division (B) of this section, the court shall impose a class five suspension from the range specified in division (A)(5) of section 4510.02 of the Revised Code. *If the offender previously has been found guilty of an offense under this section, in addition to any other sanction imposed for the offense, the court shall impose a class one suspension as described in division (A)(1) of that section. The court shall not grant limited driving privileges to the offender on a suspension imposed for a felony violation of this section.* The court

may grant limited driving privileges to the offender on a suspension imposed for a misdemeanor violation of this section as set forth in section 4510.021 of the Revised Code. No judge shall suspend the first three years of suspension under a class two suspension of an offender's license, permit, or privilege required by this division on any portion of the suspension under a class one suspension of an offender's license, permit, or privilege required by this division.

(Emphasis added.)

{¶ 25} R.C. 4510.02(A)(1) provides:

(A) when a court elects or is required to suspend the driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege of any offender from a specified suspension class, for each of the following suspension classes, the court shall impose a definite period of suspension from the range specified for the suspension class:

(1) For a class one suspension, a definite period for the life of the person subject to the suspension.

{¶ 26} Lugo-Casiano rejoins that the parties mutually agreed on a Class 2 suspension as reflected by the record and that the state invited the error which is not subject to reversal. "Under the invited error doctrine, a party is not 'permitted to take advantage of an error which he himself invited or induced the trial court to make.'" *State v. Robinson*, 8th Dist. Cuyahoga No. 107598, 2020-Ohio-98, ¶ 10, quoting *State ex rel. Bitter v. Missig*, 72 Ohio St.3d 249, 254, 648 N.E.2d 1355 (1995).

{¶ 27} The trial court was informed during the plea hearing that Lugo-Casiano had a prior failure to comply in 2018 to which he pleaded guilty, a low tier third-degree felony.

State: Your Honor, if I may, would the court advise as to the [current] failure to comply count, the mandatory license suspension, as well as the six points on the license [?]. * * *

Court: Yes. * * *

You understand that as a condition of the plea, I should say as required by law, I must impose a six points penalty against you, six points against your license, with this conviction?

Lugo-Casiano: Yes, Your Honor.

Court: Remind me please, [Mr. Prosecutor], as to the fine. * * * the range.

State: I believe it's $10,000 maximum fine. And there's also a class two license suspension in addition to the six points.

Court: $10,000 maximum fine, a class two license suspension, six points against license.

(Sentencing Hearing tr. 24-25.)

{¶ 28} At the sentencing hearing, the following discussion occurred:

Court: Remind me of the range of Class 2 license suspension.

State: Your Honor, I can pull that for you in two seconds.

Court: Thank you.

Counsel: Your Honor, I believe it is three to life.

Court: Thank you.

State: And that is correct, your Honor. A definite period of three years to life.

(Sentencing Hearing tr. 16.)

{¶ 29} At the sentencing, the trial court stated, "I am hereby suspending your Ohio driver's license for three years as a class 2 suspension. I am also imposing

six points against your Ohio driver's license." (Sentencing tr. 20.) The state posed no objection.

**{¶ 30}** R.C. 2921.331(E) and 4510.02(A)(1) provide that a Class One driver's license suspension is mandatory for the second failure to comply that is a felony. "[W]hen a sentence fails to include a mandatory provision * * * such a sentence is 'contrary to law.'" *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21. Further to the invited-error argument, it is observed that defense counsel also confirmed the three-year suspension was correct.

**{¶ 31}** We vacate the sentences for the failure to comply and driver's license suspension as contrary to law and remand the case to the court for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MICHAEL JOHN RYAN, J., CONCUR