OPINION
{¶ 1} Appellant, Anthony Rendina, appeals from the judgment on sentence entered by the Lake County Court of Common Pleas. We affirm.
 {¶ 2} In August of 2006, appellant was indicted on two counts of operating a vehicle while intoxicated (OVI), felonies of the third degree, in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2), respectively; each count was accompanied by a specification pursuant to R.C. 2941.1413. Appellant eventually pleaded guilty to one *Page 2 
count of OVI in violation of R.C. 4511.19(A)(1)(a). The trial court subsequently nolled the remaining count as well as the specifications.
 {¶ 3} In December of 2006, appellant was sentenced to a one-year term of incarceration. Appellant was also ordered to serve five years of community control sanctions upon his release and attend a drug treatment program.
 {¶ 4} After being released from prison, appellant was arrested for driving while under OVI suspension. On September 22, 2008, the state filed a motion to terminate appellant's community control sanctions. The Lake County Adult Probation Department recommended appellant's community control sanctions be revoked based upon appellant's arrest for driving under suspension.
 {¶ 5} On September 23, 2008, a probable cause hearing was held at which appellant entered a plea of guilty to the charge of violating the terms of his community control. The trial court continued appellant's community control sanctions and attached additional conditions. Namely, that appellant serve 45 days in the Lake County Jail (with work release privileges five days per week, eight hours per day); that he attend a minimum of three Alcoholics Anonymous meetings per week; that he have no drug or alcohol involvement and submit to random drug and alcohol screens; that he maintain full-time employment; and that he volunteer 200 hours of community service. The court also specified that all prior conditions of appellant's community control remain in full effect. And the court finally advised that a "[violation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of five (5) years."
 {¶ 6} On October 9, 2008, the state filed another motion to terminate appellant's community control sanctions. Once again, the adult probation department *Page 3 
recommended a revocation of appellant's community control sanctions based upon his consumption of alcohol while on work release and deviating from his place of employment prior to returning to jail. On October 14, 2008, appellant entered a plea of no contest to the charge of violating his community control and the court found him guilty. The court held a sentencing hearing at which it ordered appellant's community control to continue for a total of five years with additional sanctions and conditions. The trial court's judgment entry perspicuously set forth those conditions accordingly:
 {¶ 7} "1. The Defendant shall serve thirty (30) days in addition to the forty-five (45) the defendant is currently serving in the Lake County Jail, Painesville, Ohio * * *
 {¶ 8} "2. Defendant shall enter, participate in, and successfully complete the NorthEast Ohio Community Alternative Program (N.E.O.C.A.P.). The defendant shall also follow all aftercare recommendations.
 {¶ 9} "While at N.E.O.C.A.P. the defendant shall:
 {¶ 10} "a. Obey and be subject to all the rules and regulations of the NorthEast Ohio Community Alternative Program.
 {¶ 11} "b. Fulfill the terms of his individual program plan.
 {¶ 12} "c. Be financially responsible for his clothing, medical and dental needs.
 {¶ 13} "d. Participate in community service work, if and when directed to do so.
 {¶ 14} "e. Be supervised by the Trumbull County Adult Probation Department.
 {¶ 15} "3. The Defendant shall attend a minimum of four Alcoholics Anonymous (AA) meetings per week and obtain a sponsor.
 {¶ 16} "4. The Defendant shall have no drug or alcohol involvement and is to submit to random drug and alcohol screens. *Page 4 
 {¶ 17} "5. The Defendant shall maintain full-time employment.
 {¶ 18} "6. The Defendant shall volunteer an additional one hundred (100) hours for a total of three hundred (300) hours of community service."
 {¶ 19} The court further advised that all prior conditions of community control imposed in December 2006 and September 2008 remained in effect. Finally, the court ordered that a "[violation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of five (5) years."
 {¶ 20} Appellant now appeals the trial court's October 23, 2008 sentencing order and asserts one assignment of error:
 {¶ 21} "The [t]rial [c]ourt was without jurisdiction and abused its discretion and violated [appellant's constitutional rights when it sentenced the [a]ppellant to prison (NEOCAP) although it never notified [a]ppellant in the prior sentencing [j]udgment [e]ntry that a prison sentence may be imposed for violation of community control sanctions, all in violation of R.C. 2929.19(B)(5) and R.C. 2929.15(B)."
 {¶ 22} As discussed above, in December of 2006, appellant pleaded guilty to felony OVI and was sentenced to one year of imprisonment and five years of community control. Appellant completed his prison term and subsequently commenced serving his community control. Appellant points out that his original judgment on sentence, entered in December of 2006, was silent regarding any future prison term that could be imposed should he violate the terms of his community control. In light of this omission, appellant contends "the [t]rial [c]ourt erred in imposing a term of imprisonment for the community control violations because the [t]rial [c]ourt failed to advise the [a]ppellant in the *Page 5 
judgment entry of the preceding sentencing hearing that he would be subject to a specific prison time if the [a]ppellant violated the community control sanctions."
 {¶ 23} As appellant's argument suffers from a fatal internal flaw, we need not address its merits. To wit, appellant's argument presumes the trial court's judgment ordering him into NEOCAP for a period of four to six months was tantamount to a prison term. This presumption is erroneous. The record reflects that appellant's community control was continued for a total of five years from the date of sentence. The trial court's order that appellant enter NEOCAP was an additional "sanction or condition" of the continued community control. Pursuant to R.C. 2929.01(E), a community control sanction is a sanction that isnot a prison term. Because appellant is not currently serving a prison term, he presents a non-justiciable issue on appeal.
 {¶ 24} "In order to be justiciable, a controversy must be ripe for review." Keller v. Columbus, 100 Ohio St.3d 192, 197, 2003-Ohio-5599. The ripeness doctrine prevents courts from involving themselves in potential disputes or legal issues that have not yet come to fruition. See, e.g., State ex rel. Elyria Foundry Co. v. Indust. Comm.,82 Ohio St.3d 88, 89, 1998-Ohio-366. "The basic premise of the doctrine is that the judicial process should be reserved for problems that are real or present and imminent, not squandered on problems that are abstract, hypothetical or remote." Hyle v. Porter, 170 Ohio App.3d 710, 717-718,2006-Ohio-5454; see, also, State v. Walker, 1st Dist. No. C-060910,2007-Ohio-6337, at ¶ 57.
 {¶ 25} Pursuant to the trial court's express sentencing order, appellant's entry into NEOCAP represented a condition of his community control sanctions. Just as serving in a local "jail" as part of community control sanctions is not the same as a *Page 6 
prison term, appellant's entry into NEOCAP was not a prison term. SeeState v. Friesel, 168 Ohio App.3d 198, 2006-Ohio-3870, at ¶ 7, citingState v. Cook (Dec. 7, 2000), 8th Dist. No. 77101, 2000 Ohio App. LEXIS 5712. As he is not currently in prison, his argument is not ripe for review.
 {¶ 26} That said, even were we to construe NEOCAP as "prison," appellant's argument would still lack merit.
 {¶ 27} First, appellant acknowledges notification of a potential prison term that could be imposed for violation of a sanction is not required to occur at the original sentencing hearing. Rather, "an offender under a community control sanction is sentenced `anew' following each violation of the sanction and the sentencing court may comply with any relevant sentencing statutes at subsequent sentencing hearings." State v. Osborne, 11th Dist. No. 2004-L-068, 2005-Ohio-4895, at ¶ 10, citing State v. Fraley, 105 Ohio St.3d 13,18, 2004-Ohio-7110. A sentencing court can consequently comply with the relevant statutes if, at a later hearing, the court gives the offender notice of the specific prison term that may be imposed for a subsequent violation occurring after this later hearing. Fraley, supra. Even the cases cited by appellant as authority for his position follow the position established by Fraley. See State v. Goforth, 8th Dist. No. 90653, 2008-Ohio-5596, at ¶ 13; see, also, State v. McWilliams, 9th Dist. No. 22359,2005-Ohio-2148, at ¶ 9. Therefore, as long as he was given notice that he could be sentenced to prison if he violated his community control at the hearing which preceded the violation, the failure to provide such notification at the original hearing is irrelevant.
 {¶ 28} With this in mind, on September 23, 2008, appellant pleaded guilty to violating his community control sanctions as a result of his arrest for driving under *Page 7 
suspension. On the same date, the court continued appellant's community control sanctions and attached additional conditions to these sanctions. One such condition advised appellant that if he violated his community control sanctions, he could face a prison term of up to five years. Our appellate record does not contain a transcript of those proceedings.
 {¶ 29} When a court sentences an offender to community control sanctions, it is statutorily required, "at the time of the sentencing, [to] notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction." State v.Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, at paragraph two of the syllabus, citing R.C. 2929.19(B)(5) and 2929.15(B). Without a transcript, it is impossible for us to know whether the trial court adhered to this statutory mandate.
 {¶ 30} An appealing party has an obligation to exemplify his or her asserted errors by reference to the record. City of Niles v.Yeager, 11th Dist. No. 2004-T-0004, 2004-Ohio-6698, at ¶ 9. This obligation is met when a party files the pertinent transcript, a narrative statement of the evidence as provided by App. R. 9(C), or an agreed statement of the record as set forth under App. R. 9(D). Id. Because appellant failed to file a transcript of the September 23, 2008 hearing or an acceptable alternative, this court must presume regularity in the trial court's proceedings on the matter. See, e.g., State v.Lawson, 11th Dist. No. 2001-L-071, 2002-Ohio-5605, 2002 Ohio App. LEXIS 5612. Under the circumstances, therefore, we are compelled to presume the trial court advised appellant of the potential for prison in the event of a violation of his community control sanctions at the September 23, 2008 hearing. Thus, even if appellant's entry *Page 8 
into NEOCAP were construed as a prison term, the trial court's order mandating the entry would not be contrary to law.
 {¶ 31} Appellant's sole assignment of error is therefore overruled.
 {¶ 32} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.
MARY JANE TRAPP, P.J., DIANE V. GRENDELL, J., concur. *Page 1