[Cite as *State v. Keenan*, 2020-Ohio-1077.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0002** |
| JOSHUA L. KEENAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2017 CR 00731 D.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*Christopher J. Boeman*, P.O. Box 582, Willoughby, Ohio 44096 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Joshua L. Keenan, appeals the trial court's imposition of an eighteen-month prison term following revocation of community control. We affirm.

{¶2} In October 2017, appellant pleaded guilty to one count of receiving stolen property, a fourth-degree felony under R.C. 2913.51. After accepting the plea and finding appellant guilty, the trial court referred the case to the county probation department for a presentencing investigation pending sentencing. Appellant failed to appear for

sentencing and a warrant was issued for his arrest. After appellant was apprehended, the sentencing hearing was held.

{¶3} At the sentencing hearing, the trial court sentenced appellant to an eighteen-month prison term. However, finding appellant amenable to community control, the prison term was suspended for five years. After citing specific conditions of community control, the trial court informed appellant that if he violated, he would go to prison.

{¶4} In its sentencing entry, the trial court did not impose a suspended prison term. Instead, the court imposed community control sanctions as consistent with the purposes and principles of felony sentences and then restated the conditions of community control. The judgment also stated: "The Court notified the Defendant if the Defendant violates the terms of said community control sanctions the Defendant may receive a more restrictive community control sanction or the Defendant will serve a specific prison term of eighteen months."

{¶5} As a condition of community control, appellant was required to complete a rehabilitation program. Within two months of entering the facility, appellant escaped, and the trial court again issued a warrant for his arrest. The state moved to revoke community control and a hearing was set for May 7, 2018. However, appellant's whereabouts remained unknown until October 2018, when it was discovered that he had been convicted of escape in a neighboring county and was serving a separate one-year term. The revocation hearing did not go forward until December 21, 2018.

{¶6} At the outset of the proceeding, appellant admitted the violation and asked that his prison term be served concurrently with his one-year escape sentence. The trial

2

court accepted the admission, revoked community control, and ordered him to serve eighteen-months in prison, consecutive to the escape sentence.

{¶7} Appellant raises one assignment of error for review:

{¶8} "The trial court abused its discretion to the prejudice of Mr. Keenan when it did not notify him at his sentencing hearing, in straightforward and affirmative language, that he may be sentenced to prison for eighteen months if he violated the conditions of his community control sanctions."

{¶9} Appellant asserts his eighteen-month sentence must be vacated because during the original sentencing hearing the trial court did not comply with the notification requirement of R.C. 2929.19(B)(4). That provision states:

{¶10} "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, *or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation*, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code." (Emphasis added.)

{¶11} In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, the issue before the Ohio Supreme Court was whether the provisions of R.C. 2929.15(B)

3

and R.C. 2929.19(B)(5)[1] mandate that a trial court inform a defendant at the time of his sentencing of the specific prison term he will be required to serve for a violation of his community control sanction. In the first part of its decision, *Brooks* held that the notification required under R.C. 2929.19(B)(5) must be stated to the defendant during the sentencing hearing. *Id.* at ¶ 15. Accordingly, if the sole notification is stated at a change-of-plea hearing or in the sentencing judgment, the statute has not been satisfied. *Id.* at ¶ 17. In the second part of its decision, *Brooks* held that in informing a defendant of the sentence he may be required to serve as a result of a violation, the trial court must strictly comply with the specific prison term language of the statute:

{¶12} "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *Id.* at paragraph two of the syllabus.

{¶13} Thus, the specific prison term requirement is not met when the trial court tells a defendant that the potential prison term could be "up to" a certain number of years or months or that the potential term could fall within a range of years or months. *Id.* at ¶ 26-27.

{¶14} In the final part of its decision, *Brooks* states that there could be some situations in which substantial compliance was acceptable: "One such situation would involve an offender who is informed prior to sentencing (e.g., at a plea hearing) what the

---

[1] When *Brooks* decision was issued, the provision presently set forth in R.C. 2929.19(B)(4) was delineated in R.C. 2929.19(B)(5). The wording of the present version of R.C. 2929.19(B)(4) is identical to the version of R.C. 2929.19(B)(5) interpreted by the *Brooks* court.

4

specific maximum term would be, and then at sentencing, the trial court definitively states that it will impose 'the maximum' prison term if community control is violated, without stating what the maximum is." *Id.* at ¶ 32.

{¶15} Even though strict compliance is necessary in regard to the exact duration of the potential prison term, it is not necessary to expressly inform the defendant that the term could be imposed for a community control violation; i.e., that portion of the required notification can be inferred.

{¶16} "The trial court stated: 'If there was a sentence imposed in this particular situation, it will be a sentence of 36 months.' The trial court explained, and appellant was on notice, that she was being placed on intense supervision; by necessary implication, she was on notice she was not being sent directly to prison. The trial court made clear there were terms and conditions with which she must comply. Viewing the overall context of appellant's sentence, the trial court's statement indicates her intense supervision was conditional and not absolute, i.e., it would persist only insofar as appellant complied with those terms and conditions. * * * Hence, the only reasonable conclusion that can be drawn from the court's express statement is that a prison sentence would be imposed only if appellant violated the conditions of her supervision. The court's failure to include the statement, 'if you violate the conditions, a sentence will be imposed,' is inconsequential as the surrounding circumstances of the advisement placed appellant on reasonable notice that a violation would result in the suspended prison sentence being imposed." *State v. Payne*, 2015-Ohio-5037, 53 N.E.3d 872, ¶ 22 (11th Dist.), reversed on other grounds by *State v. Payne*, 2015-Ohio-5073, 53 N.E.3d 872, ¶ 22 (11th Dist.), *rev'd on other grounds by State v. Thomas*, 2018-Ohio-1024, 109 N.E.3d 12 (11th Dist.).

5

{¶17} Here, besides challenging the trial court's compliance with the notification requirement of R.C. 2929.19(B)(4), appellant asserts that during the original sentencing hearing, the court did not properly inform him that he would be subject to a community control sanction. Although the trial court did not specifically state that it was imposing a community control sanction, it did expressly find that appellant was amenable to such a sanction. Moreover, the trial court informed him that he would be placed on intensive supervision for one year, followed by four years of general supervision. The court further informed him of the specific conditions he would be required to follow, including the completion of a rehabilitation program and the need to maintain employment once he was released. Therefore, appellant was given ample notice that he was not going to prison immediately, but instead would be subject to various conditions under the supervision of the county probation department, i.e., community control.

{¶18} As to the specific prison term requirement of R.C. 2929.19(B)(4), after the trial court made its finding concerning appellant's amenability to community control, the court stated that it was sentencing him to eighteen months in prison but was also suspending the prison term for five years.[2] As noted, the trial court then discussed the nature of the probation department's supervision over him and the nature of the conditions he had to satisfy. At the end of that discussion, the court stated: "In the event *you violate and go to prison*, upon your release from prison the Adult Parole Authority could choose to supervise you for up to three years." (Emphasis added).

{¶19} The italicized portion of the foregoing sufficiently informs appellant that if he failed to comply with the conditions recited by the trial court, he could go to prison as a

---

[2] Appellant's brief does not raise any challenge to the propriety of this part of the trial court's colloquy during the sentencing hearing.

result. Furthermore, because the only prior reference made by the trial court to a prison term indicated that the length of the sentence would be eighteen months, the only reasonable interpretation appellant could draw from the court's statements was that he could go to prison for eighteen months if he violated. To this extent, the court's statements during the sentencing hearing were sufficient to not only inform appellant of the specific duration of his potential prison term, but also inform him of what could lead to the imposition of that term.

{¶20} In addition, consistent with *Brooks*, this case involves a situation in which strict compliance with R.C. 2929.19(B)(4) at the sentencing hearing was not needed. As part of the change-of-plea hearing, held four months before the sentencing hearing, the trial court informed appellant that the maximum sentence he could receive for receiving stolen property was eighteen months. The trial court then asked appellant: "You understand if you're given a community-based sanction, you'll have certain rules and regulations you have to follow? If you violate those rules and regulations, you could be sentenced to prison for up to eighteen months?" Appellant responded that he understood.

{¶21} Given the trial court's use of the "up to" language and the fact that the court's questioning occurred at the change-of-plea hearing, the foregoing colloquy is not sufficient to establish proper notification under R.C. 2929.19(B)(4). But, when considered together with the statements the trial court made to appellant at the sentencing hearing, the colloquy reinforces the conclusion that appellant was fully aware when the community control sanction was imposed that he faced an eighteen-month prison term if he violated. The trial court, therefore, had the authority to impose that term when appellant admitted the violation.

7

{¶22} Appellant's sole assignment is without merit. The judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH J.,

concur.