[Cite as *State v. Little*, 2025-Ohio-768.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. Nos. 2024-CA-48; 2024-CA-56; |
| | : | 2024-CA-57 |
| v. | : | |
| | : | Trial Court Case Nos. 2024CR0041; |
| MICHAEL JUDD LITTLE SR. | : | 2022CR0518; 2021CR0634 |
| | : | |
| Appellant | : | (Criminal Appeal from Common Pleas |
| | : | Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on March 7, 2025

. . . . . . . . . . .

STEVEN H. ECKSTEIN, Attorney for Appellant

MEGAN HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} This matter comes before us upon three consolidated appeals by defendant Michael Judd Little, Sr.

{¶ 2} In Greene C.P. Nos. 2021CR0634 and 2022CR0518, Little appeals from the trial court's imposition of concurrent 24-month prison terms after revoking community control on drug charges. In Greene C.P. No. 2024CR0041, he appeals from the trial

court's imposition of a consecutive 36-month prison term following his guilty plea to having a weapon while under disability.

{¶ 3} Little contends the trial court erred in imposing a consecutive sentence in the weapon-under-disability case without making findings required by R.C. 2929.14(C)(4). He also claims the trial court lacked authority to impose a consecutive sentence because it failed to advise him of that possibility when originally imposing community-control sanctions in the two drug cases.

{¶ 4} We agree that the trial court failed to make required findings before imposing a consecutive sentence in Case No. 2024CR0041. We are unpersuaded, however, that the trial court lacked authority to order that sentence to be served consecutively to the concurrent sentences in Case Nos. 2021CR0634 and 2022CR0518.

{¶ 5} For the reasons set forth below, the trial court's judgments imposing concurrent sentences in Case Nos. 2021CR0634 and 2022CR0518 will be affirmed. The trial court's judgment imposing a consecutive sentence in Case No. 2024CR0041 will be reversed, and that case will be remanded for the trial court either to make the necessary findings or to impose a concurrent sentence.

## I. Background

{¶ 6} In November 2021, a grand jury indicted Little on one count of aggravated drug possession in Case No. 2021CR0634. In November 2022, a grand jury indicted Little on multiple charges, including one count of aggravated drug possession, in Case No. 2022CR0518. He later pled guilty to one count of aggravated drug possession in each case in exchange for dismissal of the remaining charges. The trial court sentenced him

to five years of community control in each drug case.

{¶ 7} In January 2024, the Adult Probation Department alleged that Little had violated his community control due to being charged with having a weapon while under disability and another offense in Case No. 2024CR0041. After Little admitted the violation, the trial court revoked community control and imposed concurrent 24-month prison sentences in Case Nos. 2021CR0634 and 2022CR0518.

{¶ 8} In the new case, Little pled guilty to having a weapon while under disability in exchange for dismissal of other charges. The trial court imposed his sentence at the same time it sentenced him in the two revocation cases. For the weapon-under-disability offense, the trial court imposed a 36-month prison term in Case No. 2024CR0041. It ordered the sentence to run consecutively to the concurrent 24-month prison terms imposed in the revocation cases. Little timely appealed in all three cases, advancing two assignments of error.

## II. Analysis

{¶ 9} The first assignment of error states:

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES BETWEEN 2024CR0041 AND THE TWO COMMUNITY CONTROL CASES, 2021CR0634 AND 2022CR0518, FAILED TO COMPORT WITH R.C. 2929.14(C)(4).

{¶ 10} Little contends the trial court failed to make any of the findings required by R.C. 2929.14(C)(4) when imposing a consecutive sentence in the weapon-under-disability case. The State concedes error, and we agree. The trial court sentenced Little

in the weapon-under-disability case and in the revocation drug cases on July 3, 2024. Having reviewed a transcript of the sentencing hearing, we note the absence of findings under R.C. 2929.14(C)(4). When disposing of the three cases, the trial court appears to have overlooked the issue. Accordingly, we will reverse the trial court's judgment in Case No. 2024CR0041 and remand that case for the trial court either to make the necessary statutory findings or to impose a concurrent sentence. The first assignment of error is sustained.

{¶ 11} The second assignment of error states:

THE TRIAL COURT HAS LACKED THE AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES BETWEEN 2021CR0634 OR 2022CR0518 AND ANY NEW FELONY SINCE AUGUST 2, 2023, WHEN THE TRIAL COURT FAILED TO NOTIFY THE DEFENDANT-APPELLANT OF THE POSSIBILITY AT DEFENDANT-APPELLANT'S SENTENCING TO COMMUNITY CONTROL.

{¶ 12} Little contends the trial court lacked authority to run his weapon-under-disability sentence consecutive to the concurrent sentences imposed in the drug cases. He claims the trial court failed to advise him about the possibility of consecutive sentencing when it imposed community-control sanctions in the two drug cases. That being so, he maintains that the trial court lacked authority to order a consecutive sentence upon revocation. In support, he cites *State v. Jones*, 2022-Ohio-4485.

{¶ 13} Upon review, we find Little's reliance on *Jones* to be misplaced. It involved a defendant who pled guilty to child endangering. The trial court sentenced her to five

years of community control with a two-year prison sentence reserved. The trial court did not advise the defendant that if she violated community control, she could be ordered to serve the reserved sentence consecutively to any other sentence. The defendant later was charged with robbery in another county. She was convicted and sentenced to three years in prison. As a result of that conviction, the trial court revoked community control in the child-endangering case. It ordered the reserved two-year prison sentence to be served consecutively to the three-year robbery sentence. The Seventh District Court of Appeals affirmed. It held that the trial court had had no obligation to advise the defendant about the possibility of a consecutive sentence upon revocation when it imposed community control.

{¶ 14} In *Jones*, the Ohio Supreme Court reversed. The issue was "whether at the time a court imposes community control, it must notify the offender that a consecutive sentence is a possibility on revocation of community control in order for the court to have the authority, on revocation, to require that the reserved prison term be served consecutively with another prison sentence." *Id.* at ¶ 11. In resolving the issue, the majority in *Jones* held "that a reserved prison term may be ordered to be served consecutively to any other sentence at a community-control-revocation hearing if notice was given when the prison term was reserved that the term could be required to be served consecutively to another prison term at the time of revocation." *Id.* at ¶ 15.

{¶ 15} Unlike *Jones,* the trial court in Little's case did not order the 24-month sentences in the community-control-revocation drug cases to be served consecutively to the 36-month sentence in the weapon-under-disability case. Instead, it ordered the

sentence in the weapon-under-disability case to be served consecutively to existing concurrent sentences in the drug cases. During the July 3, 2024 sentencing hearing, the trial court began orally sentencing Little in the weapon-under-disability case before turning to the drug cases. After announcing the 24-month sentences in the drug case, the trial court stated that "these sentences are to be served concurrently to one another, but consecutively to the 36 months in 2024CR0041." *See* July 3, 2024 Sentencing Tr. at 20. The prosecutor immediately stopped the trial court, and an off-the-record discussion occurred.

{¶ 16} When the hearing resumed, the trial court announced that it was vacating the sentences orally imposed in all three cases. *Id.* at 20-21. The trial court started over and first imposed concurrent 24-month prison terms in the two drug cases. *Id.* at 21-22. It then turned to the weapon-under-disability case and imposed a 36-month prison sentence to be served consecutively to the concurrent sentences in the drug cases. *Id.* at 26-27.

{¶ 17} Similarly, the final judgment entries in the two drug cases made the 24-month prison sentences concurrent to one another. Those entries were filed at 12:47 p.m. on July 3, 2024. The final judgment entry in the weapon-under-disability case made the 36-month prison sentence consecutive to the concurrent sentences in the drug cases. That judgment entry was filed at 2:38 p.m. on July 3, 2024. Therefore, as a trial court speaks through its journal entries, Little was sentenced in the community-control-revocation drug cases before the trial court imposed its consecutive sentence in the weapon-under-disability case.

{¶ 18} We see nothing in *Jones* precluding a trial court from imposing a later sentence on a new charge consecutively to an earlier sentence imposed upon the revocation of community control. That is what occurred in Little's case. The trial court orally imposed concurrent drug sentences before imposing a consecutive sentence in the weapon-under-disability case. The trial court then journalized the concurrent sentences in the drug cases before journalizing the consecutive sentence in the weapon-under-disability case. *Jones* is distinguishable as it involved a different scenario, namely a community-control-revocation sentence being ordered to be served consecutively to an earlier sentence.

{¶ 19} Given that the trial court did not order Little's concurrent drug sentences to be served consecutively to any other sentence, its failure to advise him about the potential for consecutive sentences when imposing community control is immaterial for present purposes. The second assignment of error is overruled.

### III. Conclusion

{¶ 20} The trial court's judgments in Case Nos. 2021CR0634 and 2022CR0518 are affirmed.

{¶ 21} The trial court's judgment in Case No. 2024CR0041 is reversed, and the case is remanded for the trial court either to make the necessary findings or to impose a concurrent sentence.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.