[Cite as *State v. Kendrick*, 2026-Ohio-1510.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NOS. 2025-P-0019** |
| | **2025-P-0020** |
| Plaintiff-Appellee, | **2025-P-0021** |
| - vs - | |
| | Criminal Appeals from the |
| ASHLEY K. M. KENDRICK, | Court of Common Pleas |
| Defendant-Appellant. | |
| | Trial Court Nos. 2024 CR 01126 |
| | 2022 CR 00958 |
| | 2024 CR 00139 D |

## OPINION AND JUDGMENT ENTRY

Decided: April 27, 2026
Judgment: Modified and affirmed as modified

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Jason M. Jordan*, Jason M. Jordan Legal Services, L.L.C., 3580 Darrow Road, Stow, OH 44224 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Ashley K. M. Kendrick, appeals the judgment of the Portage County Court of Common Pleas sentencing her to an aggregate prison term of 23 months. At issue is whether (1) the trial court erred when it imposed a prison term when it allegedly did not provide adequate notice of the range of possible prison terms in the event she violated community control and, (2) the trial court erred in imposing consecutive sentences for a new felony charge upon revocation of community control violations where

there was no prior notice that reserved sentences could be served consecutively. We modify the trial court's judgment and affirm the judgment as modified.

{¶2} In July 2022, in Case No. 2022 CR 00958, Ms. Kendrick was indicted on one count of aggravated possession of drugs, in violation of R.C. 2925.11, a felony of the fifth degree. She was also charged with receiving stolen property, in violation of R.C. 2913.51, a misdemeanor of the first degree. Ms. Kendrick pleaded guilty to the aggravated possession of drugs count. She was sentenced to community control sanctions for a period of two years with various conditions. In its judgment entry, the trial court stated that if Ms. Kendrick violated the terms of community control, she "may receive more restrictive community control or [she] will serve a specific prison term of 12 months."[1]

{¶3} In January 2024, in Case No. 2024 CR 00139 D, Ms. Kendrick was indicted on one count of aggravated possession of drugs, in violation of R.C. 2925.11, a felony of the fifth degree, and possessing drug abuse instruments, in violation of R.C. 2925.12, a misdemeanor of the second degree. Ms. Kendrick pleaded guilty to the felony.

{¶4} On May 13, 2024, Ms. Kendrick appeared for sentencing in Case No. 2024 CR 00139 D and Case No. 2022 CR 00958 due to a probation violation. At the hearing, the trial court determined:

> I will find this felony of the fifth degree[, i.e., Case No. 2024 CR 00139 D,] that you are amenable to community control sanctions and that prison sentence is not consistent with the purposes and principles of sentenc[ing] for this felony five. And for 22 CR 958, the probation violation, I will continue you on community control.

---

1. No transcript of the sentencing hearing was filed in Case No. 2022 CR 00958, and no appeal was taken from that matter.

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021

> For the new case, I'll sentence you to six to twelve months in the Ohio Department of Corrections, but I'll suspend that sentence for a period of two years, order that you be placed on intensive supervision for the first year, followed by standard supervision. I'm ordering that you enter and complete Horizon depending on when the bed is available. . . .

{¶5} The trial court further notified Ms. Kendrick that:

> In the event you would go to prison on the felony of the fifth degree, the Adult Parole Authority could choose to supervise you for up to two years. If they did that and you violated their rules, they could send you back to prison for up to half your original sentence and *if you committed a new felony, that time could be run consecutively* with whatever you have left on your post release control time up to one year.

(Emphasis added.)

{¶6} No appeal was noticed from the May 13, 2024 sentencing entry.

{¶7} On December 30, 2024, the State filed a motion to revoke community control because of another violation. Ms. Kendrick admitted the violation and, in Case No. 2024 CR 01126, she pleaded guilty to aggravated possession of drugs, in violation of R.C. 2925.11, a felony of the fifth degree.

{¶8} On March 7, 2025, Ms. Kendrick appeared for sentencing on the community-control violations as well as the charge to which she pleaded in Case. No. 2024 CR 01126. Ms. Kendrick entreated the court to provide her with another chance to meet community control conditions. The court, however, declined. At sentencing, the trial court stated:

> I'm looking back to the '22 case through the '24 case, early in 2024 and then this one. You refused to be assessed by NEOCAP for your own reasons, you are making excuses about that. You've had the opportunity to go to Horizon before. PARC's [presumably Portage Area Recovery House/Center] removed as a requirement because you honestly just have

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021

pretty much defied everything that we've tried to do starting with your assessment by NEOCAP, which you refused to do.

You were denied HOPE court because you refused to be assessed by NEOCAP. I feel that we have given you countless opportunities over the years to do the program that honestly professionals have come up with.

You want to do it your own way, and now three years later, starting in 2022 and now in 2025, you are in the same exact spot you were in. So you have not listened to really anything that probation's tried to do, that I've tried to do, and, honestly, it's time for you to sit down and be held accountable completely. So for the case, the new case I'm referring to it as 24 CR 1126, it's the sentence of this court that you serve eleven months in the Ohio Department of Corrections.

In Case Numbers 24 CR 139D and 22 CR 958, you also had twelve months on those cases. I'm ordering that those cases, the sentence be imposed. I will order that those two probation violations run concurrently with each other, but they will run consecutively with the eleven months on 24 CR 1126. I will give you credit for the time that you have served in our jail over the years toward that almost two years.

I am specifically finding that consecutive sentences are necessary to protect the public from future crime and to punish you and they are not disproportionate to the seriousness of [your] conduct and to the danger that you pose to the public and to yourself.

I will specifically find that one or more of the offenses were committed while you - - this offense was committed while you were on community control and that is why you are receiving a consecutive sentence. And even though these are felonies of the fifth degree, I'm specifically finding that that presumption for community control is overcome based upon your criminal history and the fact that you've been on community control and continue to violate.

{¶9}    Ms. Kendrick appeals the trial court's sentencing entry imposing a term of imprisonment as well as the consecutive nature of the prison term in Case No. 2024 CR 01126. Her first assigned error reads:

{¶10} "The trial court committed reversible and plain error when it imposed a prison sentence on defendant-appellant for community control violations."

{¶11} Under this assignment of error, Ms. Kendrick contends the trial court erred when it imposed prison sentences following her community control violations in Case No. 2022 CR 00958 and Case No. 2024 CR 00139 D. Specifically, Ms. Kendrick maintains that when she was sentenced to community control under those case numbers, the trial court did not properly specify the range of prison terms which could be imposed if community control was not successfully completed. We disagree.

{¶12} "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand . . . if it clearly and convincingly finds . . . [t]hat the sentence is . . . [otherwise] contrary to law.'" *State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.), quoting R.C. 2953.08(G)(2)(b), and citing *State v. Meeks*, 2023-Ohio-988, ¶ 11 (11th Dist.).

{¶13} "'"[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12."'" *Lamb* at ¶ 10, quoting *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.), quoting *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.). Further, the phrase "'otherwise contrary to law' means "'in violation of statute or legal regulations at a given time."'" *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed. 1990). The Second Appellate District has also observed that the phrase "contrary to law" may be defined as "'a sentencing decision

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021

[that] manifestly ignores an issue or factor which a statute requires a court to consider.'" *State v. Morgan*, 2023-Ohio-3913, ¶ 7 (2d Dist.), quoting *State v. Lofton*, 2004-Ohio-169, ¶ 11 (2d Dist.).

{¶14} Under R.C. 2929.19(B)(4) and 2929.15(B), "a trial court sentencing an offender to a community control sanction must, *at the time of the sentencing, notify the offender of the . . . prison term that may be imposed* for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." (Emphasis added.) *State v. Brooks*, 2004-Ohio-4746, at paragraph two of the syllabus.

{¶15} R.C. 2929.19(B)(4) sets forth what a sentencing court must do when it imposes a term of community control in lieu of a prison sentence. That section provides:

> If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or *may impose a prison term on the offender and shall indicate the range from which the prison term may be imposed as a sanction for the violation*, which shall be the range of prison terms for the offense that is specified pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.

(Emphasis added.)

{¶16} The trial court must therefore notify the offender regarding certain consequences of violating the conditions of community control, including that the court

"may impose a prison term" and it must indicate the *range* in which the term may be imposed. *Id.*[2]

{¶17} In *Brooks*, 2004-Ohio-4746, the Supreme Court of Ohio concluded that compliance with this statute requires that "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing," as opposed to during a plea hearing, for example, "notify the offender of the . . . prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *See id.* at ¶ 29. Again, because R.C. 2929.19(B)(4) has been amended, the trial court needs only to reference the range of the prison term to which an offender may be subject. Notwithstanding this point, in *Brooks*, the Court also observed that if a court informs an offender "prior to sentencing, (e.g. at a plea hearing)" what a maximum term would be, and the trial court eventually imposes the maximum for a violation, such notification is sufficient. *Id.* at ¶ 32.

{¶18} "The statutorily mandated notice regarding the specific prison term that the trial court could impose becomes relevant when the offender violates his [or her] community control." *State v. Howard*, 2020-Ohio-3195, ¶ 14.

{¶19} As noted above, in Case No. 2022 CR 00958, Ms. Kendrick pleaded guilty to a felony-five count of aggravated possession of drugs. No transcript of the sentencing hearing is in this court's record. Ms. Kendrick was given community control and did not appeal that judgment. In its judgment entry, however, the trial court stated that, if Ms.

---

2. In 2021, R.C. 2929.19(B)(4) was amended via Am. Sub. H.B. 110, 2021 Ohio Laws File 30, which eliminated the specificity requirement for prison terms that could be imposed. Accordingly, a trial court need only give the "range from which" the prison term may be imposed.

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021

Kendrick violated community control, she "may receive more restrictive community control or [she] will serve a specific prison term of 12 months."

{¶20}  Pursuant to the foregoing authority, a trial court is required, at the time of the sentencing, to notify the offender of the range from which a prison term may be imposed. This court, however, has no transcript of the sentencing hearing in the 2022 case. "Without a transcript, it is impossible for us to know whether the trial court adhered to this statutory mandate." *State v. Rendina*, 2009-Ohio-1434, ¶ 29 (11th Dist.) Because Ms. Kendrick failed to file a transcript of the sentencing hearing or an acceptable App.R. 9 alternative, this court must presume regularity in the trial court's proceedings on the matter. *Rendina* at ¶ 30, citing *State v. Lawson,* 2002-Ohio-5605 (11th Dist.). The judgment entry nevertheless reflects a proper advisement and, accordingly, the record is *not* devoid of an advisement. Ms. Kendrick was therefore on notice of the possibility that, if she violated the trial court's community-control conditions, she could be sent to prison.

{¶21}  Next, in Case No. 2024 CR 00139 D, the trial court found Ms. Kendrick amenable to community control but determined that she would be sentenced to six to 12 months in prison (which was suspended for a period of two years). The trial court observed that community control sanctions were consistent with the purposes and principles of felony sentencing and placed Ms. Kendrick under the supervision of the adult-probation department for 24 months. The entry additionally stated that if Ms. Kendrick violated the terms of community control, she could be sentenced to up to 12 months in prison. The trial court accordingly provided Ms. Kendrick notice of *the range* from which any prison term might be imposed.

{¶22}   Regarding Case No. 2024 CR 00139 D, the trial court ordered community control and a suspended sentence. Ms. Kendrick argues that "community control sanctions and prison terms are mutually exclusive and therefore cannot be imposed at the same time on the same count of conviction." *See State v. Berry*, 2012-Ohio-4660, ¶ 21 (3d Dist.). Accordingly, she claims, a trial court cannot suspend a prison term or make community control the condition of a suspended prison term. *See State v. Duncan*, 2016-Ohio-5559, ¶ 19 (12th Dist.). *See also State v. Anderson*, 2015-Ohio-2089, ¶ 31 ("as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions").

{¶23}   Ms. Kendrick maintains that the trial court's action of imposing community control negates the possibility of imposing a suspended prison term in the 2024 matter. *See State v. Jones*, 2022-Ohio-4485, ¶ 15 ("A reserved prison term is a potential future sentence but is not a contemporaneous sentence with a sentence of community control; the original sentence is community control, period."). It is unclear whether the nomenclature of "suspended sentence" differs from the use of the phrase "reserved sentence."[3] Nevertheless, we conclude Ms. Kendrick's construction of the cases she cites as authority is misplaced. We accordingly find no error.

{¶24}   In *Berry*, a case upon which Ms. Kendrick primarily relies, the Third Appellate District observed:

---

3. *See State v. Proctor*, 1998 WL 336946, *2, fn. 2 (7th Dist. June 24, 1998), quoting *Black's Law Dictionary* (6 Ed. Rev. 1990) ("A suspended sentence has been defined as, '[a] conviction of a crime followed by a sentence that is given *formally,* but not actually served. A suspended sentence in criminal law means in effect that [the] defendant is not required *at the time sentence is imposed* to serve the sentence.'" (Emphasis added in *Proctor*.)) A "reserved sentence" appears to have the same effect as a suspended sentence.

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021

This district has determined that "there is no provision in the sentencing statute which permits a court to suspend a prison term or make community control a condition of a suspended prison term." *State v. Riley*, . . .1998 WL 812044 ([3d Dist.] Nov. 12, 1998). Rather, current felony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require trial courts to impose either a prison term or community control sanctions on each count. *State v. Williams*, . . . 2011-Ohio-995, . . . ¶ 17 [(3d Dist.)] . . . .

*Berry* at ¶ 21; *accord Duncan* at ¶ 19, construing *Anderson*, 2015-Ohio-2089.

{¶25} The court in *Berry* further pointed out:

The purpose of the community control statute cited above is not to *sentence* a defendant to a specific prison term and then suspend or reserve that prison term, the purpose is to *notify* a defendant of a specific prison term that a defendant will receive *if* he [or she] violates community control. The key is that a defendant must be *notified* of the prison sentence the defendant would receive if the defendant violated his [or her] community control, not *sentenced* to that prison term.

(Emphasis in original.) *Id.* at ¶ 25.

{¶26} Moreover, in *Duncan*, 2016-Ohio-5559 (12th Dist.), the court, citing *Berry* underscored:

[T]he purpose of the community control statute is not to sentence a defendant to a specific prison term and then suspend or reserve that prison term. *Berry*, 2012-Ohio-4660 . . ., at ¶ 25. Rather, the purpose of the statute is to notify the defendant of a specific prison term that may be imposed if the defendant violates community control. *Brooks* at ¶ 23 (R.C. 2929.19[B][4] notification puts the defendant on notice of the specific prison term he faces if he violates community control); *Berry* at ¶ 25. In other words, when a defendant is sentenced to community control on a count of conviction and notified at that time of the specific prison term he [or she] faces should he [or she] violate his [or her] community control, the defendant is only sentenced to community control sanctions and is not sentenced to that prison term. *Id.*; *Brooks* at ¶ 21 (while R.C. 2929.19[B][4] requires the judge to state the specific prison term the offender faces in the event of a

community control violation, that term is not necessarily what the offender will receive if a violation occurs).

*Duncan* at ¶ 21.

{¶27}   The trial court in this matter did not violate the pronouncement set forth in *Berry*. In Case No. 2022 CR 00958, Ms. Kendrick pleaded guilty to one felony-five count of aggravated possession of drugs and was sentenced to community control.

{¶28}   In Case No. 2024 CR 00139 D, the trial court found Ms. Kendrick in violation of community control in the 2022 case but permitted her to remain on community control for the subsequent felony-five aggravated-possession-of-drugs plea. Prison was suspended and Ms. Kendrick was placed on notice that, if she violated community control, she could be sentenced to prison. As such, Ms. Kendrick was sentenced to community control on both the 2022 and the original 2024 case. She was notified that if she violated community control, she may receive a more restrictive sanction or be sentenced to a specific prison term of 12 months.

{¶29}   This matter is neither in conflict nor legally "at odds" with the holdings in *Berry* or *Duncan.* In those matters, the appellate courts determined a court may only impose a prison term or a community control sanction on each discrete count. Here, the trial court imposed community control on the 2022 and the original 2024 cases and *did not* make community control a condition of the suspended prison term.

{¶30}   Moreover, the trial court in this case *notified* Ms. Kendrick of the possibility of prison terms in the event of violations. In short, Ms. Kendrick was aware that, if she violated the conditions of community control, not the least of which involved committing a separate and additional criminal violation, she *could* be sentenced to prison in the underlying cases.

{¶31} We also point out that, even though we find no error in the trial court's actions, Ms. Kendrick did not appeal the decision in Case No. 2024 CR 00139 D. The trial court's actions do not render the judgment void. *State v. Henderson*, 2020-Ohio-4784, ¶ 27 ("A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused."). The trial court's alleged error is a "sentencing error." *See State v. Hall*, 2021-Ohio-791, ¶ 24, 40 (11th Dist.). The Supreme Court of Ohio "has expressly held that 'sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant.'" *Hall* at ¶ 24, quoting *State v. Henderson*, 2020-Ohio-4784, ¶ 1. "Thus, 'if a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court.' [*Henderson*] at ¶ 19. *See also State v. Hudson*, . . . 2020-Ohio-3849, . . . ¶ 16 (concluding that because the defendant could have, but did not, raise a claimed sentencing error on direct appeal, the error was 'now barred by the doctrine of res judicata')." *Hall* at ¶ 24

{¶32} There is nothing to indicate the trial court lacked subject matter or personal jurisdiction over either the case or Ms. Kendrick. By failing to appeal Case No. 2024 CR 00139 D, Ms. Kendrick has forfeited any alleged error regarding the trial court's imposition of both community control and a suspended sentence. We discern no error.

{¶33} The trial court expressly stated it found Ms. Kendrick amenable to community control sanctions and that a "prison sentence is not consistent with the purposes and principles of sentenc[ing] for this felony five. . . For the new case I'll

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021

sentence you to six to twelve months . . . but I'll suspend the sentence for a period of two years." Although the trial court indicated its intention to suspend the six- to 12-month prison sentence, the court made it clear that Ms. Kendrick would remain under community control.

{¶34} In *State v. Keenan*, 2020-Ohio-1077 (11th Dist.), this court determined that "it is not necessary to expressly inform the defendant that the term could be imposed for a community control violation, i.e., that portion of the required notification can be inferred." *Id.* at ¶ 15. Further, in *Keenan*, this court employed a practical application regarding prison notification when a defendant is sentenced to community control. In that matter, this court observed:

> [A]fter the trial court made its finding concerning appellant's amenability to community control, the court stated that it was sentencing him to eighteen months in prison but was also suspending the prison term for five years. As noted, the trial court then discussed the nature of the probation department's supervision over him and the nature of the conditions he had to satisfy. At the end of that discussion, the court stated: "In the event *you violate and go to prison*, upon your release from prison the Adult Parole Authority could choose to supervise you for up to three years." (Emphasis added).
>
> The italicized portion of the foregoing sufficiently informs appellant that if he failed to comply with the conditions recited by the trial court, he could go to prison as a result. Furthermore, because the only prior reference made by the trial court to a prison term indicated that the length of the sentence would be eighteen months, the only reasonable interpretation appellant could draw from the court's statements was that he could go to prison for eighteen months if he violated. To this extent, the court's statements during the sentencing hearing were sufficient to not only inform appellant of the specific duration of his potential prison term, but also inform him of what could lead to the imposition of that term.

(Footnote omitted.) *Keenan* at ¶ 18-19.

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021

{¶35} Here, the trial court provided Ms. Kendrick with the conditions of her community control. It also observed that "*in the event you would go to prison on the felony of the fifth degree*, the Adult Parole Authority could choose to supervise you for up to two years." (Emphasis added.) Although the trial court stated the prison term in this matter could be *between* six and 12 months, Ms. Kendrick was on express notice of the *potential range and duration* of the prison term she could serve if she violated community control. *See* R.C. 2929.19(B)(4). In our view, as in *Keenan*, the court's statements were sufficient to inform Ms. Kendrick of the potential prison term and what could trigger the imposition of the term.

{¶36} With these observations in mind, Ms. Kendrick also (peripherally) argues the trial court was required to re-notify her of the potential prison term when it continued her community control (in Case No. 2024 CR 00139 D) following her previous violation. She cites *State v. Fraley*, 2004-Ohio-7110, in support of this apparent contention.

{¶37} In *Fraley*, the Supreme Court of Ohio determined that "[f]ollowing a community control violation, the trial court conducts a second sentencing hearing. At this sentencing hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." (Citation omitted.) *Id.* at ¶ 17. The Court stated that "a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation." *Id.* at ¶ 18. The Court observed "[t]he trial court could therefore comply with both the sentencing statutes and our holding in *Brooks*[, 2004-Ohio-4746,] if at this second hearing the court

notifies the offender of the specific prison term that may be imposed for a subsequent violation occurring after this second hearing." *Fraley* at ¶ 17.

{¶38} Pursuant to *Howard*, 2020-Ohio-3195, however, the Supreme Court rejected the position that its "holding in *Fraley* [requires] that a trial court must repeat the prison-term notification at *every* revocation hearing in order to preserve its ability to sentence an offender to prison for violating community control." (Emphasis in original.) *Howard* at ¶ 19.

{¶39} In *Howard*, the trial court imposed the prison term of which it provided the offender notice at the initial sentencing hearing. *Id.* at ¶ 22. The Supreme Court observed "the purpose of the notice requirement in R.C. 2929.19(B)(4) 'is to make the offender aware *before a violation* of the specific prison term that he or she will face for the violation.'" (Emphasis in original.) *Howard* at ¶ 22, quoting *Brooks* at ¶ 33. Pursuant to *Howard*, therefore, notice to Ms. Kendrick was met when she received sufficient notice at her initial sentencing hearing and "the trial court was not required to renotify [her] of [the] potential prison [term] before it imposed the prison [term]." *Id.* at ¶ 22.

{¶40} Considering the full context of each hearing, we conclude that Ms. Kendrick was given sufficient notice that she could be sent to prison for violating community control. The imposition of prison vis-à-vis concurrent prison terms in Case Nos. 2022 CR 00958 and 2024 CR 00139 D was not contrary to law.

{¶41} Ms. Kendrick's first assignment of error lacks merit.

{¶42} Ms. Kendrick's second assignment of error provides:

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021

{¶43} "The trial court committed reversible and plain error when it imposed consecutive prison sentences on defendant-appellant for community control violations and a new felony charge."

{¶44} Ms. Kendrick argues the trial court plainly erred by sentencing her to consecutive prison terms in the underlying matter. We do not agree.

{¶45} Ms. Kendrick's argument is premised upon *Jones*, 2022-Ohio-4485, wherein the Supreme Court of Ohio determined:

> [I]n the absence of notice of potential consecutive sentences for one or more reserved prison terms when sentencing an offender to community control, the prison term or terms imposed at the time of revocation *may be no more than what was stated for the reserved prison term when community control was imposed.* And when a reserved prison term or terms are imposed in the context of an existing prison term, a court *may not require that they be served consecutively* unless notice of a potential consecutive sentence was given *at the time of sentencing to community control.* Absent such prior notice, the reserved prison term must be imposed to run concurrently with the existing prison term.

(Emphasis added.) *Jones* at ¶ 17.

{¶46} Ms. Kendrick asserts that she did not receive notice that further possible community control violations could result in consecutive service. She claims that, without notice that a future community control violation may result in a consecutive prison sentence she is entitled to concurrent sentences. In *Jones*, the Supreme Court stated:

> [C]ontextual statutory considerations suggest that a lack of . . . [consecutive service] notice implies that the reserved prison term will be concurrent. First, prison terms are generally presumed to be concurrent. R.C. 2929.41(A). Second, sentences of community control with reserved prison terms are given typically for less serious crimes, which would generally not, in the first instance, justify a consecutive sentence. *Compare, e.g.,* R.C. 2929.13(B)(1) *with* R.C. 2929.14(C)(1) through (4). Third, R.C. 2929.19(B)(2)(b)

requires a court imposing sentences for multiple counts to specify with regard to each sentence whether it is to be concurrently or consecutively served. Together these considerations suggest that in the absence of notice to an offender that a reserved prison term may be consecutive, a concurrent term should be presumed, in accordance with R.C. 2929.41(A).

(Footnote omitted.) *Jones* at ¶ 16.

{¶47} In this case, however, the reserved prison terms entered in Case No. 2022 CR 00958 and Case No. 2024 CR 00139 D were ordered to be served *concurrently*. We point out, however, that, in Case No. 2024 CR 00139 D, the trial court expressly stated at sentencing that "*if you committed a new felony, that time could be run consecutively*." *See supra* at ¶ 5. This advisement indicates that the potential time imposed in 2024 CR 00139 D could have been ordered consecutively to a violation for a new felony. The trial court did not order such a sentence. It ordered the earlier terms to be served concurrently and therefore we need not comment further on the validity of such a possibility.

{¶48} The new case, Case No. 2024 CR 01126, which was the basis of the final revocation, was ordered to run consecutively to the reserved prison terms in the older cases. We fail to see how this outcome runs afoul of the Supreme Court's pronouncement in *Jones*, 2022-Ohio-4485. *See State v. Little*, 2025-Ohio-768, ¶ 18 (2d Dist.) ("We see nothing in *Jones* precluding a trial court from imposing a later sentence on a new charge consecutively to an earlier sentence imposed upon the revocation of community control.").

{¶49} In *Jones*, the Supreme Court of Ohio certified the following question "whether a trial court, when imposing a prison sentence that it had previously notified the offender could be imposed upon revocation of community control ("reserved[-]prison term"), may require that the sentence be served consecutively to other sentences being

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021

served by the offender." *Id.* at ¶ 1. In *Jones*, the Supreme Court held that a "[r]eserved[-]prison term may be ordered to be served consecutively to any other sentence at a community-control-revocation hearing *if* notice was given *when* the prison term was reserved that the term could be required to be served consecutively to another prison term at the time of revocation." (Emphasis added.) *Id.* at ¶ 15.

{¶50} The trial court imposed the 11-month term of imprisonment on Case No. 2024 CR 01126 consecutively to the concurrent terms in the earlier cases. The trial court also made all requisite findings under R.C. 2929.14(C)(4), a matter not disputed by Ms. Kendrick. We accordingly hold the imposition of the consecutive sentence was not contrary to law.

{¶51} Ms. Kendrick's second assignment of error lacks merit.

{¶52} Notwithstanding the foregoing disposition, a review of the appealed judgment entry (despite the advisements at the sentencing hearing) demonstrates that the trial court sentenced Ms. Kendrick to a term of imprisonment of *11 months* in Case No. 2022 CR 00958, a term of imprisonment of 12 months in Case No. 2024 CR 00139 D, and a term of imprisonment of 12 months in Case No. 2024 CR 01126. The judgment entry states that Case No. 2024 CR 01126 and Case No. 2024 CR 00139 D shall run concurrently to each other but shall run consecutively to Case No. 2022 CR 00958. This would indicate that Ms. Kendrick is subject to 24 months, not 23 months in prison. The March 7, 2025, sentencing hearing reflects that Ms. Kendrick will serve (1) 12 months for Case No. 2022 CR 00958; (2) 12 months for Case No. 2024 CR 00139 D; and (3) 11 months for Case No. 2024 CR 01126. As noted above, the trial court ordered the sentences on the first two cases to be served concurrently with one another and the

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021

sentence for 2024 CR 01126 to be served consecutively to the concurrent terms. This statement accurately reflects the trial court's apparent intention that Ms. Kendrick serve a total of 23 months.

{¶53} It is well settled that "courts possess the authority to correct errors in judgment entries so that the record speaks the truth." (Citation omitted.) *State v. Lester,* 2011-Ohio-5204, ¶ 18. "Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *Id.*, citing *State v. Miller*, 2010-Ohio-5705, ¶ 15; and Crim.R. 36. There is a discrepancy between the statement of the court at the sentencing hearing and the notations in the trial court's sentencing order. Ms. Kendrick, however, has not identified any prejudice from this apparent mistake in the judgment entry. Indeed, the State identifies the issue as a clerical error. We agree with the State. The correction is a ministerial or clerical error, it has no effect on the aggregate prison term, and, accordingly, in the interest of judicial economy, we modify the trial court's judgment and affirm the judgment as modified to reflect the following:

> (1) a 12-month term of imprisonment in Case No. 2022 CR 00958; (2) a 12-month term of imprisonment in Case No. 2024 CR 00139 D, to run concurrently with Case No. 2022 CR 00958; and (3) an 11-month term of imprisonment in Case No. 2024 CR 01126, to run consecutively to the concurrent terms in the preceding cases, for an aggregate term of 23 months.

{¶54} Because any error or discrepancy between the court's statement and its judgment entry is clerical, we see no compelling reason to require the trial court to correct it. We therefore modify the trial court's judgment to properly reflect the valid, legal judgment entered at the sentencing hearing.

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021

{¶55} The judgment of the Portage County Court of Common Pleas is modified and affirmed as modified.

ROBERT J. PATTON, J.,

SCOTT LYNCH, J.,

concur.

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is modified and affirmed as modified. The trial court's judgment is as modified to reflect the following:  (1) a 12-month term of imprisonment in Case No. 2022 CR 00958; (2) a 12-month term of imprisonment in Case No. 2024 CR 00139 D, to run concurrently with Case No. 2022 CR 00958; and (3) an 11-month term of imprisonment in Case No. 2024 CR 01126, to run consecutively to the concurrent terms in the preceding cases, for an aggregate term of 23 months.

The Clerk of Courts is instructed to serve not only the parties to this appeal but also the Ohio Department of Rehabilitation and Corrections, Bureau of Sentencing Computation, P.O. Box 430, Columbus, Ohio 43216, to effectuate the modification of the underlying sentence.

Costs to be taxed against appellant.



JUDGE EUGENE A. LUCCI

JUDGE ROBERT J. PATTON,
concurs

JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2025-P-0019, 2025-P-0020, 2025-P-0021